UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL NEUBERT, | ) | CASE NO. 5:13 CV 643 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on plaintiff's motion for discovery. (Doc. No. 17.) For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**. The Court further sets aside the scheduling order currently in effect.

**I.     BACKGROUND**

Plaintiff Wendell Neubert and defendant Life Insurance Company of North America (LINA) have been disputing defendant's denial of Long Term Disability ("LTD") benefits for over four years. The first three years of the dispute are recounted in this Court's opinion remanding the case to LINA for a full and fair review of LINA's decision to deny benefits. *See Neubert v. Life Ins. Co. of N. Am.*, No. 5:10CV1972, 2012 WL 776992 (N.D. Ohio Mar. 8, 2012). Since that decision, defendant has conducted another review of plaintiff's medical files and has denied benefits once more. (Doc. No. 1 at 1.)[1] Notified that defendant would not accept an appeal, plaintiff filed the instant action.

Plaintiff has moved for limited discovery (Doc. No. 17), and has submitted

---

[1] Citations to page number refer to the Court's continuous pageID numbers in ECF.

five interrogatories and four requests for production of documents. (Doc. No. 17-1.) Defendant has filed a response in opposition (Doc. No. 18), and plaintiff filed a reply in support of the motion for discovery. (Doc. No. 19.) Plaintiff's motion for discovery focuses on the issues of conflict of interest and bias.

## II. LAW AND ANALYSIS

### A. Discovery in ERISA Cases

District courts within this circuit have repeatedly been beset by discovery disputes in ERISA cases. As courts in this Court's position always do, the Court begins by observing that discovery in ERISA cases, where the district court's review is "based solely upon the administrative record," is the exception and not the rule. *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring). Discovery beyond the record is warranted only if it "is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* After *Wilkins*, courts grappled with two seemingly inconsistent lines of Sixth Circuit precedent. One line of cases required a plaintiff to do more than merely allege a conflict of interest before discovery was warranted, following *Putney v. Medical Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004) ("[M]ere allegation of bias is not sufficient to permit discovery under *Wilkins*' exception."). The other line of cases did not require any threshold showing of conflict of interest before a plaintiff could obtain discovery into that issue, following *Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 293 n.2 (6th Cir. 2005) (noting that weighing conflict of interest would have been easier had plaintiff used *Wilkins*' exception to conduct discovery), and *Kalish v. Liberty Mut./Liberty Life Assurance Co. of Boston*, 419 F.3d 501 (6th Cir. 2005).

After the Supreme Court's decision in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), the inconsistency largely evaporated. In *Glenn*, the Court stated that an inherent conflict of interest exists when the plan administrator both evaluates and pays benefits claims. *Id*. at 112. This conflict is "but one factor among many that a reviewing judge must take into account." *Id*. at 116. In cases in which an insurance company has a history of biased claims administration, this factor shall prove of great importance to the district court's review of the administrative record. *Id*. at 117. On the other hand, when the "administrator has taken active steps to reduce potential bias and to promote accuracy," the conflict is less important to the district court's review, perhaps even "to the vanishing point." *Id*. Most importantly for discovery purposes, the Court discouraged special procedural or evidentiary rules for evaluating conflicts of interest. *Id*. at 116 ("Neither do we believe it necessary or desirable for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict.").

As the Sixth Circuit has interpreted that final admonition, threshold evidentiary showings of bias—special procedural rules—are not prerequisites to discovery in ERISA cases. *Johnson v. Connecticut Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009). Yet, "[t]hat does not mean … that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan." *Id*. The district court must evaluate and determine "whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Id*. In *Johnson*, the Sixth Circuit held that the district court did not abuse its discretion by allowing limited discovery into a conflict of interest when the plaintiff offered more than a mere

3

allegation of bias. *Id*. In its most recent ruling touching on ERISA discovery, the Sixth Circuit recommitted itself to district court discretion, stating that discovery "may be appropriate to determine the weight to accord to a conflict of interest, but the district court retains discretion to decide when to allow such discovery." *Bell v. Ameritech Sickness & Accident Disability Benefit Plan*, 399 F. App'x 991, 998 (6th Cir. 2010). Post-*Wilkins* fluctuations notwithstanding, one discovery principle has reigned unchallenged: discovery is strictly limited to the procedural challenge at issue, whether lack of due process or bias. *Mulligan v. Provident Life & Accident Ins. Co.*, 271 F.R.D. 584, 588 (E.D. Tenn. 2011) (citing *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006)).

The Court will not attempt a complete review of the voluminous case law in the years since *Johnson*, but it will briefly summarize the approaches to discovery in ERISA cases typically taken by district courts within this circuit. In the first approach, discovery into defendant's potential bias is permitted even when no showing of bias other than the inherent conflict of interest is made or even alleged. *See Kinsler v. Lincoln Nat. Life Ins. Co.*, 660 F. Supp. 2d 830, 836 (M.D. Tenn. 2009). To deny the plaintiff this discovery until the plaintiff has made an initial showing of bias, the court noted, "essentially handcuffs the plaintiff, who … will rarely have access to any evidence beyond a bare allegation of bias, in the absence of discovery." *Id*. Other courts have also ruled that discovery into potential bias is justified upon nothing more than the inherent administrator/payor conflict of interest. *See Cramer v. Appalachian Reg. Healthcare, Inc.*, No. 5:11-49-KKC, 2012 WL 996583 (E.D. Ky. Mar. 23, 2012); *O'Bryan v. Consol Energy, Inc.*, No. 08-11, 2009 WL 383401 (E.D. Ky. Feb. 11, 2009) (plaintiff must "demonstrate that the discovery he seeks would lead to a finding that the denial of benefits was arbitrary by pointing to some evidence that the

4

decision process raises questions of fairness" but inherent conflict of interest, standing alone, meets this showing).

At the opposite end of the spectrum, other district courts employ various devices that require more than a mere allegation of bias before throwing open the doors of discovery. For some courts in this second group, "plaintiff must allege some facts to support her claim that discovery might lead to relevant evidence" before the court will permit discovery. *Donovan v. Hartford Life & Accident Ins. Co.*, No. 1:10 CV 2627, 2011 WL 1344252, at *2 (N.D. Ohio Apr. 8, 2011); *see also Geer v. Hartford Life & Accident Ins. Co.*, No. 08-12837, 2009 WL 1620402, at *5 (E.D. Mich. June 9, 2009) ("discovery should be allowed where a plaintiff has provided sufficient initial facts suggesting a likelihood that probative evidence of bias or procedural deprivation would be developed"). For this group of courts, a single sentence allegation of bias cannot pry open the door to discovery. To hold otherwise would make a mockery of *Wilkins*, transforming its well-guarded discovery door into a turnstile. Seeking the same ends, one court developed a two-step discovery process, in which the plaintiff is entitled to conduct discovery "limited solely to the issue of whether [defendant] or the individuals participating in the review of the Plaintiff's claim had any financial interest in the outcome of the claim." *Clark v. Am. Elec. Power Sys. Long Term Disability Plan*, 871 F. Supp. 2d 655, 662 (W.D. Ky. 2012). Once plaintiff has shown a conflict of interest exists at the first step, plaintiff "will be permitted to proceed with additional discovery." *Id*. Still other courts require plaintiff to actively demonstrate the need for discovery if the defendant has produced measures taken to mitigate bias and promote accuracy. *Shay v. Sun Life Fin. Serv. Co., Inc.*, No. 2:11-cv-804, 2012 WL 3839527, at *3 (S.D. Ohio Sept. 5, 2012); *see also Raver v. Lincoln Life & Annuity Co. of New York*, 2013

WL 1149180 (S.D. Ohio Mar. 19. 2013) (discovery denied when, after defendant provided information outlining steps taken to reduce bias and promote accuracy, plaintiff failed to demonstrate that discovery was warranted). Whatever the method, for these courts, a mere allegation of bias does not unlock the door to discovery.

Whether employing the mere allegation approach or one of the heightened requirement approaches, all district courts typically permit discovery in ERISA cases when plaintiff makes "an additional showing of potential bias," beyond the inherent conflict of interest. *Sundermeyer v. Ohio Educ. Ass'n*, No 2:12-cv-959, 2013 WL 3147952 (S.D. Ohio June 19, 2013); *see also Wilkens v. Disability Benefit Plan Procter & Gamble*, No. 1:11-cv-521, 2012 WL 4364277, at *2 (S.D. Ohio Sept. 24, 2012) (dual administrator/payor status and significant evidence of disability combined to justify limited discovery); *Cummins v. Liberty Life Assurance Co. of Boston*, No. 2:10-cv-108, 2010 WL 4809269, at *4 (S.D. Ohio Nov. 19, 2010) (discovery permitted when plaintiff offered evidence of "significant financial relationship" between defendant and medical experts).

Different still is the approach taken by the court in *Price v. Hartford Life & Accident Ins. Co.*, 746 F. Supp. 2d 860 (E.D. Mich. 2010). There, the court ruled that "[d]isputes over the scope of discovery in [ERISA] cases should be addressed in the context of existing rules [of procedure] and the cases interpreting them." *Id*. at 865. Yet, courts "must be mindful that *Wilkins* instructs courts to decide these cases as actions for review on an administrative record, intended to be expeditious and inexpensive, and must apply the existing rules accordingly." *Id*. at 866. Turning to Federal Rule of Civil Procedure 26, the court noted that relevance, and with it, the scope of discovery, are determined by the parties' claims and defenses, as set forth in their pleadings. *See* Fed. R. Civ. P. 26 ("Parties may

6

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.") Even when relevant, the court must limit discovery when it is "unreasonably cumulative or duplicative" or when the "burden or expense of the proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b)(2)(C). Following that reasoning, another district court noted that Rule 26 allows discovery only when "reasonably calculated" to lead to admissible evidence; thus, in an ERISA case, evidence of bias would only be discoverable when it is probative of bias *in the plaintiff's particular claim*. *Mulligan v. Provident Life & Accident Ins. Co.*, 271 F.R.D. 584, 590 (E.D. Tenn. 2011). Restricting discovery in this manner, according to these courts, comports with both the Federal Rules of Civil Procedure and the dictates of *Wilkins*.

The permitted scope of ERISA bias discovery varies between courts. A small cadre of district courts, however, subscribes to a running list of permitted areas of inquiry: (1) incentive, bonus, or reward programs or systems, formal or informal, for any employee involved in reviewing disability claims; (2) contractual connections between the conflicted administrator/payor and the reviewers utilized in plaintiff's claim; (3) statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted; (4) statistical data concerning the number of times the reviewers found claimants able to work in at least a sedentary occupation or found that the claimants were not disabled; and (5) documentation of administrative processes designed only to check the accuracy of grants of claims. *See Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 583 (S.D. Ohio 2010) (citations omitted); *see also Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 513 (W.D. Ky. 2010) (same).

This Court will evaluate each discovery request in the context of *Wilkins*'

general prohibition of discovery in ERISA cases, as well as Rule 26's field of discovery, as fenced in by the parties' claims and defenses. The Court will approve discovery only in furtherance of a colorable procedural challenge of bias. Each discovery request will be approved if it is narrowly tailored to the issue of bias and not overly burdensome, considering both Rule 26(b)(2)(C) and the Court's rather circumscribed ERISA review. When plaintiff provides more than a bare allegation of bias or conflict of interest as to his claim for LTD benefits on remand, the Court will permit more burdensome discovery than it will upon conclusory allegations. In evaluating each request, the Court will be guided by twin ERISA goals: permitted bias discovery and limited record review.

### B. Plaintiff's Discovery Requests

In this case, plaintiff's claim is simple: defendant has wrongfully withheld benefits from him. Benefits have been withheld, according to the complaint, because defendant's inherent conflict of interest as administrator and payor interfered with its decision regarding benefits, to the point of rendering the decision arbitrary and capricious. (Doc. No. 1 at 3.) Plaintiff therefore requests discovery on the issues of bias and conflict of interest.[2] (Doc. No. 17.) Plaintiff has pinpointed three areas of discovery purportedly related to the conflict of interest: (1) whether defendant's conflict of interest went beyond the basic inherent conflict of interest (including its employees); (2) whether there was a bias or conflict of interest with the medical reviewers or vendors; and (3) whether there was a bias or conflict of interest regarding the vocational analysts. (Doc. No. 19 at 1241.) According to

---

[2] In its opposition to plaintiff's motion for discovery, defendant argues that, because plaintiff did not request discovery in the initial action, plaintiff is not entitled to discovery on remand. (Doc. No. 18 at 1233.) Defendant fails to note, however, that plaintiff is alleging bias in LINA's LTD benefits denial *on remand*. The discovery permitted by the Court addresses only allegations of bias on remand; thus, the lack of discovery in the initial action is wholly irrelevant.

plaintiff, each of his discovery requests—of which there are five interrogatories and four requests for production—is narrowly tailored to the procedural charge of bias. Because plaintiff's discovery requests vary wildly in scope and relevance, the Court will address each in turn.

### 1. Interrogatory No. 1

The first interrogatory asks only for the names and positions of each person who responds to the discovery requests. Plaintiff's motion for discovery as to this interrogatory is GRANTED.

### 2. Interrogatory No. 2 and Request for Production No. 1

The second interrogatory is extensive, requesting for each doctor, nurse, file reviewer, or vendor used for medical examination in plaintiff's claim: (1) their names; (2) their employment or contractual relationship with defendant; (3) the number of times they have been used in the last ten years by defendant; (4) the total fees they received in this case and in the past ten years; (5) the number of times they have supported or recommended a finding of no disability in the past ten years; and (6) the number of times their opinion has led to a denial of benefits. The corresponding request for production asks defendant to attach any contract or document identified in the interrogatory. (*See* Doc. No. 17-1 at 1226–27.) In support of these requests, plaintiff avers that the opinions of "medical reviewer Dr. Swales, the Venue(s) Forest Hills IPA, Inc., and/or 'ACS'" may be "based upon a bias due to an incentive for working for the Defendant, and such bias needs to be fully explored." (Doc. No. 17 at 1220.)

Dr. Swales administered neuropsychological testing to plaintiff during plaintiff's first claim for LTD benefits, and his opinion was strongly relied upon in the

denial of benefits. After remand from this Court, Dr. Swales was reassigned to plaintiff's claim to conduct a file review, whereupon plaintiff's claim was again denied. (Doc. No. 16-1 at 84.) In its opposition to the motion for discovery, defendant claims that it "does not control the roster of reviewers that may be assigned to a claim by a particular vendor." (Doc. No. 18 at 1237.) Yet, Dr. Swales was assigned to conduct a file review on remand, which review would necessarily include his own assessment of plaintiff's condition during the first claim for LTD benefits. Plaintiff asserts that "there seems to be a unique connection between Defendant and Dr. Swales that bypassed the claimed lack of direct referral." (Doc. No. 19 at 1244.) Here, plaintiff has done more than allege general bias. Any discovery with respect to Dr. Swales, who has been intimately involved with plaintiff's claim from its first denial to the review on remand, would be highly probative of potential bias on remand in plaintiff's claim for LTD benefits.

With respect to Dr. Swales, as well as the other persons identified in the second interrogatory, defendant argues that compliance would be unduly burdensome, requiring a file-by-file review of all claim files. (Doc. No. 18 at 1237.) Because ERISA cases are to be expeditiously and inexpensively resolved, the Court concludes that the requested information in interrogatory number two and request for production number one is unduly burdensome and not in accordance with the directives set forth by the Sixth Circuit in *Wilkins*. *See Price v. Hartford Life & Accident Ins. Co.*, 746 F. Supp. 2d 860, 869 (E.D. Mich. 2010) (denying as overly burdensome interrogatory requiring file-by-file review). Plaintiff has, however, made a showing of potential bias beyond a bare allegation and beyond an inherent administrator/payor conflict of interest with respect to Dr. Swales and his involvement in plaintiff's claim. In such situations, district courts have routinely allowed

discovery into bias. The Court thus limits the scope of interrogatory number two and request for production number one to Dr. Swales alone and, as to interrogatory number two, only to the information requested in subdivisions (a) and (b).[3] Insofar as plaintiff's motion for discovery with respect to interrogatory number two subdivisions (a) and (b) and request for production number one relates to Dr. Swales, the motion is GRANTED, but the motion is DENIED with respect to subdivisions (c) through (f), even as they relate to Dr. Swales. Insofar as the interrogatory and request for production of documents relate to other doctors, nurses, file reviewers, or vendors, the motion is DENIED.

### 3. Interrogatory No. 3

The third interrogatory is staggeringly expansive, requesting the total number of claims made within the last ten years, filed under the disability plan that is the subject of the complaint. (Doc. No. 17-1 at 1227.) The request is not limited to claims decided on remand, like the claim currently before the Court, nor is the request even limited to the policy at issue in this case, but rather encompasses the whole disability plan. Even if evidence of historical bias is uncovered through this discovery request, it would not be probative of bias in *plaintiff's claim*, a claim decided on remand under a particular policy within the overarching disability plan. *See Mulligan v. Provident Life & Accident Ins. Co.*, 271 F.R.D. 584, 590 (E.D. Tenn. 2011) ("evidence of a history of biased claims administration is significant only insofar as it is probative of bias in the particular claim").

---

[3] Limiting the discovery request to these subsections assures that defendant shall be burdened by producing relevant information only. The full scope of interrogatory number two asks for all information regarding Dr. Swales' relationship with LINA. Much of this information is utterly irrelevant to the bias asserted in this case: LINA and Dr. Swales' bias *on remand* in Dr. Swales' review of a claim for LTD benefits *to which he had previously been assigned*. Discovery in ERISA cases is strictly limited to the bias at issue. Accordingly, the Court will not approve discovery requiring a file-by-file review to produce information that is largely irrelevant to the charge of bias on remand.

Only dubiously relevant, but very burdensome, plaintiff's motion for discovery with respect to interrogatory number three is DENIED.

### 4.  Interrogatory No. 4 and Request for Production No. 2

The fourth interrogatory asks for the name of each person involved in denying LTD benefits, as well as whether each person was employed by defendant and whether each person receives bonuses or incentives from defendant for denying claims.[4] Bonus or incentives for claims denials would indeed be relevant to and probative of bias in plaintiff's claim and are thus discoverable. *See Hays v. Provident Life & Accident Ins. Co.*, 623 F. Supp. 2d 840, 844 (E.D. Ky. 2008) (plaintiff "entitled to know generally if the defendant had . . . any type of incentive, bonus, or reward program or system"); *Sundermeyer v. Ohio Educ. Ass'n*, No. 2:12-cv-959, 2013 WL 3147952, at *6 (S.D. Ohio June 19, 2013) (discovery permitted as to "incentives and bonuses based on company profitability or claim denial rates"). Plaintiff's motion for discovery with respect to interrogatory number four and request for production number two is GRANTED as herein modified:

> Interrogatory No. 4
>
> As to each person who performed any administrative review or analysis, or was involved in the decision making process of the plaintiff's claim, who also has an arrangement with Life Insurance Company of North America to receive any bonus or incentive if the subject claim is denied, please state the following:
> a.   the name of each person;
> b.   whether each person is employed by defendant; and
> c.   how each person's bonuses or incentives are awarded or calculated.

---

[4] Defendant has already stated that it "does not pay any of the reviewers it utilizes bonus or incentive pay. External reviewers retained through a vendor are not paid differently for reaching a particular conclusion. In fact, external reviewers retained through a vendor do not know if LINA pays or denies a claim following their review. Similarly, LINA's employees are paid fixed salaries, which are wholly unrelated to the number of claims paid or claims denied." (Doc. No. 18 at 1238.)

### 5. Request for Production No. 3

Plaintiff requests production of performance reviews, commendations, awards, reprimands and/or evaluations within the past five years of any employee involved in the decision to deny or terminate plaintiff's LTD benefits. The burden of this request for production, particularly its effect on the privacy of the employees involved, is high, while any benefit conferred by discovery of employment files is not immediately apparent, nor is it specifically developed in plaintiff's motion. Moreover, district courts in this circuit overwhelmingly deny these requests for production. *See, e.g.*, *Myers v. Prudential Ins. Co. of Am.*, 581 F. Supp. 2d 904, 914 (E.D. Tenn. 2008) (court disinclined to allow discovery of personnel files); *Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 516 (W.D. Ky. 2010) ("well established" that employee personnel files not discoverable); *McQueen v. Life Ins. Co. of N. Am.*, 595 F. Supp. 2d 752, 756 (E.D. Ky. 2009) (no discovery of performance reviews or personnel files). Accordingly, the plaintiff's motion for discovery with respect to request for production number three is DENIED.

### 6. Interrogatory No. 5 and Request for Production No. 4

Interrogatory number five asks for the following information as to each vocational expert, file reviewer, or vendor used for vocational file reviews in plaintiff's claim: (1) their names; (2) their employment or contractual relationship with defendant; (3) the number of times defendant has utilized them in the last ten years; (4) the total fees paid to them in this case and in the past ten years; (5) the number of times within the past ten years their opinions have supported a finding that a claimant could not return to any substantial gainful activity; and (6) the number of times within the past ten years that their opinion has led to a benefits denial. The corresponding request for production asks for

13

contracts or documents identified in the interrogatory. (Doc. No. 17-1 at 1229–30.)

With respect to this request, plaintiff states that "the vocation evidence is extremely relevant due to the unique facts of the case which put substantial weight on the vocational evidence in the file." (Doc. No. 17 at 1220.) The vocational expert reviews may indeed be important. The decision to deny benefits may have even turned on those reviews. The rule for ERISA discovery is not, however, discovery of important facts. It is discovery of facts relating to a colorable procedural challenge; here, a charge of bias. Plaintiff has not made even the barest showing or allegation that discovery into defendant's relationship with vocational experts will produce relevant evidence of bias. Coupled with the enormous file-by-file review that this request necessitates, the Court finds the interrogatory and request for production overly burdensome. *See Price v. Hartford Life & Accident Ins. Co.*, 746 F. Supp. 2d 860, 869 (E.D. Mich. 2010) (denying as overly burdensome interrogatory requiring file-by-file review). With respect to interrogatory number five and request for production number four, plaintiff's motion for discovery is DENIED.

### III. CONCLUSION

In accordance with the analysis set forth above, the Court **GRANTS IN PART AND DENIES IN PART** plaintiff's request for discovery. The Court further sets aside the scheduling order currently in place. The parties are instructed to confer and file with the Court by October 18, 2013, a joint motion with proposed dates for completing discovery and filing simultaneous briefs.

**IT IS SO ORDERED**

Dated: October 10, 2013

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**